

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,652-01

### EX PARTE VICTOR STOVALL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. F-2010-0776-D IN THE 362ND DISTRICT COURT FROM DENTON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while intoxicated and sentenced to fifty years' imprisonment. The Second Court of Appeals affirmed his conviction. *Stovall v. Texas*, No. 02-11-00174-CR (Tex. App. – Fort Worth, September 13, 2012, pet. ref'd.).

Applicant contends, among other things,[1] that his appellate counsel rendered ineffective assistance because appellate counsel failed to provide Applicant with copies of the appellate briefs,

---

[1]This Court has reviewed Applicant's other claims, and finds them to be without merit.

and failed to obtain permission from Applicant before filing a petition for discretionary review in this Court. Applicant also alleges that appellate counsel failed to provide him with a copy of the petition filed on his behalf. Applicant alleges that he specifically requested copies of the appellate briefs so that he could file a *pro se* PDR, but that he was prevented from doing so because appellate counsel filed one on his behalf without his approval.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997). In these circumstances, additional facts are needed. Pursuant to *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order appellate counsel to respond to Applicant's claims of ineffective assistance of counsel on appeal. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's appellate counsel provided Applicant with copies of the briefs in this case, and as to whether appellate counsel sought permission from Applicant before filing a petition for discretionary review on his behalf. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order.  Any extensions of time shall

be obtained from this Court.


Filed:  July 23, 2014
Do not publish